UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 9:04-CR-2 |
| | § | |
| RENALDO HUDSON | § | |

**REPORT AND RECOMMENDATION RE: PETITION FOR WARRANT
OR SUMMONS FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed October 25, 2007, alleging that defendant violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 423 F.3d 919, n. 1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); and Local Rules for the Assignment of Duties to United States magistrate judges.

**I. The Original Conviction and Sentence**

Defendant was sentenced on September 7, 2004, before The Honorable Thad Heartfield, U.S. District Judge of the Eastern District of Texas, after pleading guilty to the offense of felon in possession of a firearm, a Class C felony. This offense

carried a statutory maximum imprisonment term of 10 years.  The guideline imprisonment range, based on a total offense level of 17 and a criminal history category of IV, was 37 to 46 months.  Defendant was subsequently sentenced to 42 months imprisonment followed by three years supervised release subject to the standard conditions of release, plus special conditions to include defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring his ability to obtain and maintain lawful employment; defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office; and a $100 special assessment.

## II.  The Period of Supervision

On February 1, 2007, defendant completed his period of imprisonment and began service of the supervision term.

## III.  The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on October 25, 2007.  The petition alleges that defendant violated the following conditions of release:

| | |
|---|---|
| Mandatory Condition: | Defendant shall not commit another federal, state, or local crime. |
| Mandatory Condition: | Defendant shall refrain from any unlawful use of a controlled substance. |

      Standard Condition:      Defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.

As grounds, the petition alleges that on October 5, 2007, defendant was arrested and charged by the Lufkin Police Department for assault, possession of a dangerous drug, and possession of a controlled substance (cocaine).  The petition also alleges that on February 15, 2007, defendant submitted a urine specimen that tested positive for PCP; on May 31, 2007, defendant submitted a urine specimen that tested positive for cocaine; on September 4, 2007, defendant submitted a urine specimen that tested positive for cocaine, marijuana, and PCP; and on October 1, 2007, defendant submitted a urine specimen that tested positive for PCP.  Further the petition alleges that in relation to the arrest on October 5, 2007, defendant was in possession of Xanax, for which he did not have a prescription.

## IV.  Proceedings

On November 9, 2007, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release.  If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition.  Defendant would agree

to plead "true" to the allegation that he violated a mandatory condition of supervised release by failing to refrain from unlawful use of a controlled substance.  In exchange for defendant's plea of "true," the court should revoke defendant's supervised release and impose twelve (12) months imprisonment.  Further, the government agreed to decline to proceed with remaining alleged violations of supervised release conditions.

At the revocation hearing, defendant pleaded "true" to the allegation that he violated a mandatory condition of supervised release by failing to refrain from unlawful use of a controlled substance.

### V.  Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release supervision.  The original offense of conviction was a Class C felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is two years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a mandatory condition of supervised release by failing to refrain from unlawful use of a controlled substance, defendant will be guilty of committing a Grade C violation.  U.S.S.G. § 7B1.3(a)(2) indicates upon a finding

of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of IV, the guideline imprisonment range is 6 to 12 months.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

**<u>Findings:</u>**

Defendant pleaded "true" to the allegation that he violated a mandatory condition of supervised release by failing to refrain from unlawful use of a controlled substance. Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), defendant violated conditions of supervised release in the manner alleged in the petition. Defendant's violations are Grade C violations with policy guidelines suggesting 6 to 12 months imprisonment upon revocation.

**<u>Conclusion:</u>**

Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with conditions of his supervision by failing to refrain from unlawful use of a controlled substance. As such, incarceration appropriately addresses defendant's violation.

## RECOMMENDATIONS

1. The court should find that defendant violated a mandatory condition of supervised release, by failing to refrain from unlawful use of a controlled substance, in the manner alleged in the petition.

2. The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3. Defendant should be sentenced to a term of imprisonment of twelve (12) months.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein. Therefore, the court may act on the report and recommendation immediately.

SIGNED this __9__ day of November, 2007.

_____
Earl S. Hines
United States Magistrate Judge